UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVEN GOD,<br><br>                Plaintiff,<br><br>     vs.<br><br>FIFTH THIRD BANK, an Ohio Corporation; BANK OF AMERICA, a National Association as successor by merger to BAC HOME LOANS SERVICING, LP; MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC., a Delaware Corporation; NATIONSTAR MORTGAGE, LLC, a Texas limited liability company,<br><br>                Defendants. | NO.  2:13-cv-02330-RSM<br><br>ORDER GRANTING MOTIONS TO DISMISS |

**I.     INTRODUCTION**

This matter comes before the Court on Defendants Fifth Third Bank ("Fifth Third"), Mortgage Electronic Registration System, Inc. ("MERS"), and Nationstar Mortgage LLC's ("Nationstar") (collectively the "non-BANA Defendants) Motion to Dismiss (Dkt. # 8), and Defendant Bank of America, N.A.'s ("BANA") Motion to Dismiss (Dkt. # 13). For the reasons that follow, the motions will be granted.

ORDER - 1

## II. BACKGROUND

This case arises from the foreclosure and scheduled trustee's sale of Plaintiff Steven Good's home. In June of 2003, Mr. Good obtained a $544,200.00 loan to purchase real property located at 1427 East Interlaken Boulevard in Seattle, Washington, from First Alliance Bank. In connection with the loan, Mr. Good executed a promissory note. The deed of trust that encumbered the property listed First Alliance as the lender, First American Title Insurance as the trustee, and MERS as a "separate corporation that is acting solely as nominee for Lender and Lender's successors and assigns." Amended Compl., Dkt. # 19, ¶ 3.1 (hereafter referenced as Dkt. # 19). Plaintiff alleges that "[s]ometime after the execution of the Note and Deed of Trust and due to harsh economic conditions, [he] encountered financial hardships and fell behind on the payment of his Note with First Alliance." *Id.* at ¶ 3.2.

On or about April 23, 2011, Mr. Good received a mortgage transfer disclosure statement from Fifth Third stating that the mortgage loan was being sold or transferred from First Alliance to Fifth Third, and it listed BAC Home Loans as an agent with authority to act on Fifth Third's behalf to address issues related to borrower payments. The mortgage transfer notice also identified MERS as the agent authorized to receive legal notice. *Id.* at ¶¶ 3.3-3.4.

About one month later, an assignment was recorded and filed under King County Auditor's File No. 20110531000089. *Id.* at ¶ 3.4. The assignment, executed by MERS, assigned the beneficial interest in the Note and Deed of Trust to BAC Home Loans. *Id.* The Amended Complaint alleges that the MERS assignment was invalid because MERS was a not a lawful beneficiary when it executed the assignment and therefore any subsequent assignments by BAC Home Loans, and its successor BANA, were also invalid. *Id.* Mr. Good's claims for violation of the Washington Deed of Trust Act ("DTA"), and the Washington Consumer Protection Act

ORDER - 2

("CPA") rest on the purported invalidity of the MERS assignment.[1] Defendants have moved for dismissal pursuant to Fed. R. Civ. P. 12(b)(6).

### III. DISCUSSION

As an initial matter, Defendants ask the Court to consider several publicly available documents that were not attached to, but were relied upon, in the Amended Complaint. The documents include the following: a copy of the Deed of Trust encumbering the property (Dkt. # 9, Yates Decl., Ex. A), a copy of the Assignment of the Deed of Trust assigning the Deed of Trust to BAC Home Loans (*id.*, Ex. B), a copy of the Lis Pendens filed Mr. Good against the property (*id.*, Ex. C), a copy of the Release of Lis Pendens (*id.*, Ex. D), a copy of the Appointment of Successor Trustee filed on August 23, 2013 (*id.*, Ex. E), a copy of the Assignment of the Deed of Trust assigning the Deed of Trust to Fifth Third, successor by merger to Crown Bank, FSB (Dkt. # 14-1, Varallo Decl., Ex. C), and a copy of the Notice of Trustee's Sale scheduling a sale of the property for January 17, 2014 (*id.*, Ex. E).

On a Rule 12(b)(6) motion, the court may consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (citations omitted). The documents presented fit this category and may be properly considered by the Court.

**A. Legal Standard**

---

[1] Mr. Good also asserted a claim for violation of the Fair Debt Collection Practices Act ("FDCPA") against Defendant Fifth Third. In response to Defendants' motion to dismiss, Mr. Good agreed that he did not allege "facts sufficient to support that Fifth Third is a 'debt collector'" under the FDCPA. Dkt. # 11, p. 8. In light of this concession, the FDCPA claim is dismissed with prejudice.

ORDER - 3

In considering a Rule 12(b)(6) motion to dismiss, the Court must determine whether the plaintiff has alleged sufficient facts to state a claim for relief which is "plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible if the plaintiff has pled "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly,* 550 U.S. at 556).  In making this assessment, the Court accepts all facts alleged in the complaint as true, and makes all inferences in the light most favorable to the non-moving party.  *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted).  The Court is not, however, bound to accept the plaintiff's legal conclusions.  *Iqbal*, 129 S. Ct. at 1949-50.  While detailed factual allegations are not necessary, the plaintiff must provide more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 555.

   1. DTA Claim

"In Washington, '[a] mortgage creates nothing more than a lien in support of the debt which it is given to secure.'" *Bain,* 285 P.3d 34 at 38 (quoting *Pratt v. Pratt*, 209 P. 535, 535 (Wash. 1922)). Mortgages secured by a deed of trust "do not convey the property when executed; instead, '[t]he statutory deed of trust is a form of a mortgage.'" *Id.* (quoting 18 William B. Stoebuck & John W. Weaver, Washington Practice: Real Estate: Transactions § 17.1, at 253 (2d ed. 2004)). In effect, "'it is a three-party transaction in which land is conveyed by a borrower, the 'grantor,' to a 'trustee,' who holds the title in trust for a lender, the 'beneficiary,' as security for credit or a loan the lender has given the borrower.'" *Id.* (quoting Stoebuck & Weaver, § 17.3, at 260). However, "only the actual holder of the promissory note or other instrument evidencing the obligation may be a beneficiary with the power to appoint a trustee to proceed with a nonjudicial foreclosure on real property." *Id.* at 36.

ORDER - 4

Mr. Good's DTA claim concerns the series of allegedly invalid assignments beginning with MERS's assignment of interest to BAC Home Loans (now BANA), and BANA's subsequent assignment of interest to Fifth Third, which resulted in the allegedly invalid appointment of Northwest Trustee Services as trustee and Nationstar as the loan servicer. Dkt. # 19, ¶ 4.2. Mr. Good challenges the validity of the assignments under two theories. First, he asserts that MERS was not an eligible beneficiary under the DTA, and therefore all subsequent assignments were void. He also asserts that the MERS assignment was void because an employee of BAC Home Loans signed the MERS assignment document on behalf of MERS.

Taking the MERS beneficiary issue first, Plaintiff's arguments rely on a fundamentally flawed interpretation of Washington law. Courts have held that although MERS may be an ineligible beneficiary under the DTA per the Washington Supreme Court's decision in *Bain v. Metropolitan Mortg. Grp.*, 175 Wash. 2d 83, 285 P.3d 34 (2012), the "conclusory allegation that MERS did not have the authority to transfer the Deed of Trust" alone, fails to state a claim. *Zhong v. Quality Loan Serv. Corp.*, No. C13-0814JLR, 2013 WL 5530538, *3 (W.D. Wash. Oct. 7, 2013) (citation omitted). Importantly, under *Bain* "the mere fact MERS is listed on the deed of trust as a beneficiary in not itself an actionable inquiry." 285 P.3d at 52. In Washington, a lawful beneficiary is the actual holder of the note. RCW § 61.24.005(2). As pled in the Amended Complaint, the facts of this case do not implicate the MERS issue because the fact that MERS assigned its "interest" at some point does nothing to inform whether Fifth Third was the holder of the note when it appointed a successor trustee to initiate foreclosure proceedings.

As to Mr. Good's second theory concerning the allegedly fraudulent signature on the MERS' assignment, he lacks standing to challenge the validity of the signature on the assignment as a borrower and third party to the transaction. *Zhong*, 2013 WL 5530583 at *3 (collecting cases and rejecting "robo-signing" theory on the basis of standing); *see also*

ORDER - 5

*Borowski v. BNC Mortgage, Inc.*, C12-5867 RJB, 2013 WL 4522253, *5 (W.D. Wash. Aug. 27, 2013), appeal dismissed (Oct. 25, 2013), *motion for relief from judgment denied*, C12-5867 RJB, 2013 WL 5770378 (W.D. Wash. Oct. 24, 2013) ("there is ample authority that borrowers, as third parties to the assignment of their mortgage (and securitization process), cannot mount a challenge to the chain of assignments unless a borrower has a genuine claim that they are at risk of paying the same debt twice if the assignment stands"). Thus, the allegations fail to state a claim for a violation of the DTA.

2. CPA Claim

To state a claim for violation of the CPA, a plaintiff must allege (1) an unfair or deceptive trade practice; (2) that occurs in trade or commerce; (3) that has an impact on the public interest; (4) that causes the plaintiff injury to her business or property; and (5) there is a causal link between the unfair or deceptive act and the injury suffered. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531, 535 (Wash. 1986). Here, Plaintiff has failed to plausibly allege a causal link between an unfair and deceptive act that resulted in an injury.

Although the Washington Supreme Court has held that MERS' presence in the chain of title may "presumptively meet[] the deception element of a CPA claim" (*Bain,* 285 P.3d at 51–52), a plaintiff must still plead all CPA elements to state a viable claim.  "A plaintiff must establish that, but for the defendant's unfair or deceptive practice, the plaintiff would not have suffered an injury." *Indoor Billboard/Washington, Inc. v. Integra Telecom of Washington, Inc.*, 170 P.3d 10, 22 (Wash. 2007). Plaintiff's allegations concerning MERS' temporary status as an invalid beneficiary do not demonstrate that MERS' presence in the chain of assignments had a causal role in the resulting foreclosure. Assignments of a deed of trust serve only "to put parties who subsequently purchase an interest in the property on notice of which entity owns a debt secured by the property." *Corales v. Flagstar Bank, FSB*, 822 F. Supp. 2d 1102, 1109 (W.D.

ORDER - 6

Wash. 2011) (citing RCW 65.08.070). Plaintiff admits that he fell behind on his loan payments due to "harsh economic conditions" and "financial hardships." He does not allege that he failed to make payments because he did not know where to send his payments or know what entity was servicing his loan. Plaintiff has not established that but for any Defendant's alleged misconduct, Fifth Third would not have initiated a foreclosure on his home. Thus, the CPA allegations fail to state a claim as well. *See Zhong*, 2013 WL 5530583 at *5 ("to the extent [plaintiff's] [CPA] claim is predicated on her erroneous 'robo-signing' and [MERS invalid assignment] theories, this claim must fail").

## IV.     CONCLUSION

Having considered the motions, the responses and replies thereto, the declarations and attached exhibits, and the remainder of the record, the Court hereby finds and ORDERS:

(1) Defendants Fifth Third, MERS, and Nationstar's Motion to Dismiss (Dkt. # 8) is GRANTED;

(2) Defendant BANA's Motion to Dismiss (Dkt. # 13) is GRANTED;

(3) Plaintiff's DTA and CPA claims are dismissed without prejudice, and the FDCP claim is dismissed with prejudice; and

(4) Plaintiff shall be permitted an opportunity to file a second amended complaint that cures the deficiencies identified herein within <u>fourteen (14) days</u>. Should he fail to do so, the Amended Complaint will be dismissed with prejudice.

DATED: June 23, 2014.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE